IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE CARPENTERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA,<br><br>Plaintiffs,<br><br>v.<br><br>GDT BUILDERS, INC., a California Corporation,<br><br>Defendant. | Case No. 10-2154 SC<br><br>ORDER GRANTING MOTION FOR <u>DEFAULT JUDGMENT</u> |

## I. INTRODUCTION

Plaintiffs Board of Trustees of the Carpenters Pension Trust Fund for Northern California ("Plaintiffs") seek entry of Default Judgment against Defendant GDT Builders, Inc. ("GDT" or "Defendant"). ECF No. 15 ("Mot."). Having considered the papers submitted, the Court concludes that entry of Default Judgment against Defendant is appropriate, and GRANTS Plaintiffs' Motion.

## II. BACKGROUND

Plaintiffs contend that GDT is bound by the terms and conditions of a collective bargaining agreement, known as the Carpenters Master Agreement for Northern California. Compl. at 2;

1  Price Decl. ¶ 4, Ex A ("Master Agreement").[1]  Defendant signed a
2  Memorandum Agreement which incorporated by reference the Master
3  Agreement.  Price Decl. ¶ 4, Ex. B ("Memorandum Agreement").  The
4  Master Agreement binds Defendant to the Trust Agreement
5  establishing the Carpenters Pension Trust Fund.  Id. ¶ 5, Ex. C
6  ("Trust Agreement").

7      Under the terms of the Master Agreement, Defendant agreed to
8  contribute to the Trust Fund an amount for each hour paid for or
9  worked by each employee covered by the agreement.  Master Agreement
10 § 41.  On or about July 14, 2009, Defendant withdrew from the Trust
11 Fund.  Compl. ¶ 4; Price Decl. ¶ 9.  On or about November 2, 2009,
12 the Trust Fund sent Defendant its Notice of Withdrawal Liability
13 informing Defendant it owed the Trust Fund $15,348.  Price Decl. ¶
14 10, Ex. E ("Nov. 2, 2009 Notice").  Plaintiffs received no payment
15 and sent Defendant a follow-up letter on January 19, 2010.  Id. ¶
16 12, Ex. F ("Jan. 19, 2010 Letter").  Plaintiffs received no payment
17 within sixty days of this demand.  Id. ¶ 13.

**III. LEGAL STANDARD**

20     After entry of a default, the Court may enter a default
21 judgment.  Fed. R. Civ. P. 55(b)(2).  Its decision whether to do
22 so, while "discretionary," Aldabe v. Aldabe, 616 F.2d 1089, 1092
23 (9th Cir. 1980), is guided by several factors.  As a preliminary
24 matter, the Court must "assess the adequacy of the service of
25 process on the party against whom default is requested."  Bd. of

---

[1] Gene Price ("Price"), Administrator of the Carpenters Pension Trust Fund, filed a declaration in support of the Motion for Default Judgment.  ECF No. 15-4.

Trs. of the N. Cal. Sheet Metal Workers v. Peters, No. 00-0395, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Jan. 2, 2001).  If the Court determines that service was sufficient, it should consider whether the following factors support the entry of default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

**IV.  DISCUSSION**

    **A.  Service of Process**

Federal Rule of Civil Procedure 4(h) provides that a corporation may be served in the manner prescribed by Rule 4(e)(1), which allows service to be perfected by following state law.  Fed. R. Civ. P. 4(h), 4(e)(1).  California law provides that a corporation may be served

> by leaving a copy of the summons and complaint during usual office hours in . . . [the corporation's] office or . . . usual mailing address . . . with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.

Cal. Code Civ. Proc. 415.20(a).  This method of service is deemed complete on the tenth day after the mailing.  Id.

3

Here, service was left with "Tammy Doe," the person in charge at GDT's business address, 710 Aldo Avenue, Santa Clara, California, on July 28, 2010, at 11:22 a.m. ECF No. 5 ("Proof of Service"). The process server estimates that she was forty years old. Id. The following day, the summons, complaint and other relevant documents were mailed to GDT at its business address. Id. The Court finds that service of process was adequate and complete by August 8, 2010. The Clerk of Court entered default as to Defendant on September 1, 2010. ECF No. 10.

### B. Default Judgment

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977). Therefore, the Court accepts as true the allegation that GDT failed to make the required payments of withdrawal liability to the Pension Trust Fund. See Compl.

Here, the Eitel factors favor default judgment. If Plaintiffs are not granted default judgment, they have no other obvious means of recovering the payment of withdrawal liability. This possibility of prejudice to Plaintiffs supports default judgment. Defendant has failed to defend this lawsuit, and has made no showing of excusable neglect.

Plaintiffs' claim for payment of withdrawal liability has merit. Under the Employee Retirement Income Security Act ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act ("MPPAA"), an employer who withdraws from an underfunded pension plan is required to pay withdrawal liability, an amount

4

equal to that employer's pro rata share of the plan's unfunded vested benefits, subject to certain adjustments.  29 U.S.C. §§ 1381, 1391.  Here, Plaintiffs notified GDT of its legal obligations on November 2, 2009 and January 9, 2010, but GDT has failed, refused or neglected to pay its outstanding withdrawal liability.  Price Decl. ¶¶ 10-13, Nov. 2, 2009 Notice, Jan. 19, 2010 Letter.  GDT's withdrawal liability has been calculated as $15,348.  Bergerson Decl. ¶¶ 3-4, Ex. A ("Oct. 30, 2009 Letter").[2]  While GDT could have disputed this amount, and although federal policy favors a decision on the merits, this sum of money is not so large as to weigh against granting default judgment.  Overall, the Eitel factors support entry of default judgment.

**C.    Remedy**

ERISA provides that "[i]n any action under this section to compel an employer to pay withdrawal liability, any failure of the employer to make any withdrawal liability payment within the time prescribed shall be treated in the same manner as a delinquent contribution . . . ."  29 U.S.C. § 1451(b).  In an action to enforce payment of delinquent contributions, "the court shall award the plan -- (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of -- (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . (D) reasonable attorney's fees and costs . . . ."  29 U.S.C. § 1132(g)(2).

---

[2] Dave Bergerson ("Bergerson"), Vice-President and Actuary at the Segal Company, accountant for the Pension Trust Fund, filed a declaration in support of the Motion for Default Judgment.  ECF No. 15-2.

5

United States District Court
For the Northern District of California

1    After GDT withdrew, Plaintiffs asked the Segal Company to
2 calculate GDT's withdrawal liability based on a withdrawal date of
3 July 14, 2009.  Begerson Decl. ¶ 3.  The Segal Company determined
4 that GDT owed $15,348 in withdrawal liability.  Id. ¶ 4, Oct. 30,
5 2009 Letter.  GDT has failed to pay this amount, and therefore
6 Plaintiffs referred this matter to their attorneys.  Price Decl. ¶¶
7 10-13.  Plaintiffs incurred attorney fees of $4,525, and costs of
8 $843.26, bringing this action for withdrawal liability.  Carder
9 Decl. ¶¶ 4-10.[3]  Plaintiffs provided the Court with no information
10 concerning interest on the withdrawal liability or the amount of
11 liquidated damages.
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///

---

[3] Ezekiel D. Carder ("Carder"), attorney for Plaintiffs, filed a declaration in support of the Motion for Default Judgment.  ECF No. 15-1.

6

## V. CONCLUSION

The Court GRANTS the Motion for Default Judgment filed by Plaintiffs Board of Trustees of the Carpenters Pension Trust Fund for Northern California. Within fourteen (14) days of this Order, Plaintiffs shall file a declaration calculating the amount of interest and liquidated damages and explaining the basis for the calculations. Interest should not accrue beyond September 14, 2010, the date Plaintiffs filed their Motion for Default Judgment. Upon receipt and consideration of this declaration, the Court will enter judgment in an appropriate amount. Failure to timely file this declaration will result in a waiver of the request for interest and liquidated damages.

IT IS SO ORDERED.

Dated: October 25, 2010

UNITED STATES DISTRICT JUDGE